IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

DAVID SPARKS,

      Plaintiff,

v.

H&P CAPITAL, INC.,

      Defendant.

_____/

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district and where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, DAVID SPARKS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward and City of Plantation..

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, H&P CAPITAL, INC. ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default, Defendant called Plaintiff's father-in-law, William Ferguson, on or about July 6, 2011, and at such time, Defendant told Mr. Ferguson that a Complaint had been filed against Plaintiff in Plantation, Florida and that Defendant possessed paperwork for Plaintiff to sign.

12.     Upon information and belief, no complaint had been filed against Plaintiff at that time.

13.     Defendant made initial contact with Plaintiff via telephone call on or about July 6, 2011 at 11:39 A.M., and at such time, failed to provide Plaintiff with the disclosures required

pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

14.     In Defendant's voicemail message of July 6, 2011 at 11:39 A.M., Defendant failed to disclose Defendant's true corporate and/or business name to Plaintiff.

15.     In Defendant's voicemail message of July 6, 2011 at 11:39 A.M., Defendant further failed to notify Plaintiff that the communication was from a debt collector.

16.     In Defendant's voicemail message of July 6, 2011 at 11:39 A.M., Defendant stated, "I need to get a final recorded statement from you pertaining to a decision that was rendered on your behalf." Said statement conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

17.     Defendant again called Plaintiff's father-in-law, William Ferguson, on July 6, 2011 and at such time, Defendant told Mr. Ferguson that it was important that Plaintiff call Defendant back.

18.     Defendant called Plaintiff's cellular telephone on July 6, 2011 at 12:14 P.M., and at such time, Defendant left a voicemail message in which Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

19.     In Defendant's voicemail message of July 6, 2011 at 12:14 P.M., Defendant further failed to notify Plaintiff that the communication was from a debt collector.

20.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

21.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

22.     Defendant violated 15 U.S.C. § 1692b by contacting a third party for purposes other than obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692b

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

23.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

24.     Defendant violated 15 U.S.C. § 1692b(3) by communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692b(3)

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

25.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

26.    Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

    b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.\

## COUNT IV

27.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

28.    Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

29.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

30.    Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

32. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq. in the initial communication with Plaintiff, and further failing to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(5) OF THE FCCPA

33. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-20 of this complaint.

34.     Defendant violated §559.72(5) of the Florida Consumer Collection Practices Act by disclosing to a person other than the debtor information affecting the debtor's reputation, whether or not for credit worthiness, with actual or constructive knowledge that such person does not have a legitimate business need for the information, or that the information is false.

35.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DAVID SPARKS, by and through his attorneys, respectfully prays for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Emotional and/or mental anguish damages;

c.      Statutory damages of $1,000.00;

d.      Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.


**TRIAL BY JURY**

36.     Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 29th day of September, 2011.

Respectfully submitted,
**DAVID SPARKS**


 By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com