UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62145-CIV-DIMITROULEAS/SNOW

DAVID SPARKS,

    Plaintiff,

vs.

H&P CAPITAL, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on Plaintiff's Verified Motion for Attorneys' Fees and Costs (DE 30), which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation. The Motion is fully briefed and ripe for consideration.

**I. PROCEDURAL HISTORY**

The instant Complaint was filed on October 4, 2011, alleging six violations of the federal Fair Debt Collection Practices Act (FDCPA) (Counts I-VI) and violations of the Florida Consumer Collections Practices Act (FCCPA)(Count VII). The complaint sought statutory damages in the total amount of $7,000. (DE 1)

The Defendant failed to timely respond to the Complaint. Correspondence between counsel for the parties reflects that on November 17, 2011, counsel for the Defendant asked the Plaintiff for an extension of time until December 5, 2011, in which to respond to the Complaint. The Plaintiff did not object to the extension, but neither party notified the Court of this Agreement. (DE 30-2). Thus, on November 30, 2011, this Court entered an Order to Show Cause directing the Plaintiff to show cause why the case should not be dismissed for lack of prosecution or move for the entry of a default. (DE 6) The Plaintiff then moved for a default, after which the Defendant filed its Answer to the Complaint. (DE 7, 9)

Discovery commenced, although correspondence between the parties indicates that the Defendant's responses to discovery requests were tardy. (DE 30-3 - 30-6) Mediation was conducted, and the parties reached a settlement on damages. (DE 18) Correspondence between the lawyers indicates that Plaintiff's counsel prepared a joint motion for entry of consent judgment and on two occasions attempted to obtain counsel for the Defendant's approval, without success. (DE 30-7 - 30-8) On April 3, 2012, this Court issued an Order to Show Cause directing the parties to file a stipulation for dismissal no later than April 10, 2012. On April 4, 2012, the Plaintiff filed a Motion for Consent Judgment and on the same day, the Court issued an Order to Show Cause directing the Defendant to show cause why the Plaintiff's Motion should not be granted. On April 11, 2012, the Defendant responded by agreeing to the entry of judgment, and on April 12, 2012, this Court entered judgment for the Plaintiff in the amount of $1,250, retaining jurisdiction to award attorneys' fees and costs. (DE 20-25)

The Plaintiff seeks an award of attorneys' fees in the amount of $7,110.50, representing a total of 36.3 hours of attorney, paralegal, administrative staff and law clerk time at rates ranging from $100.00 per hour to $335.00 per hour. Specifically, the Plaintiff seeks an award of fees for Alex Weisberg, Esquire, at a rate of $335.00 per hour for 7 hours, totaling $2,345.00; for Aaron Radbil, Esquire, at a rate of $335.00 per hour for .6 hours, totaling $201.00; for Matthew Sullivan, Esquire, at a rate of $175.00 per hour for 17.10 hours, totaling $2,992.50; for Armando Nava, at a rate of $175.00 per hour for 1.20 hours, for a total of $210.00; for Amanda Crawford, at a rate of $175.00 per hour for 1.40 hours, totaling $245.00; for paralegal Jeannette Soto at a rate of $135.00 per hour for 2.50 hours, totaling $337.50; for administrative assistant fees at a rate of $100.00 per hour for 2.80 hours, totaling $280.00, and for law clerk fees at a rate of $135.00 per hour for 3.7 hours, totaling $499.50. (DE 30 at 12) The Plaintiff also seeks costs in the total amount of $405.00, representing the $350.00 filing fee and process server fees in the amount of $55.00. The Defendant does not object to these costs. Id. at 19.

The Defendant, in its response, argues that (a) the limited success in this case warrants a total fee reduction of 70%; (b) the fee rates are excessive, with reasonable fees being $265.00 per hour for Mr. Weisberg, $225.00 per hour for Mr. Radbil, $175.00 per hour for Ms. Soto, and no award for either Armando Nava or Andrea Crawford because there is no information in the file pertaining to either of these individuals; (c) counsel's billing records are vague, indecipherable and contain block billing entries as well as claims for clerical time, justifying an across-the-board cut; (d) counsel's time entries are generally excessive and contain entries for unrecoverable work, such as pre-litigation activities which do not include drafting the complaint, lawyers supervising other lawyers or chatting about the case and attorney travel time. The response provides examples of billing entries which fall into these various categories, but seeks an across-the-board reduction of 70% rather than the disallowance of particular entries.

In his reply, the Plaintiff points out that the Local Rules require a party who objects to the rates charged by counsel for the prevailing party to disclose its own fee rates, which the Defendant has not done. The Plaintiff argues that its billing entries are proper, and that it should be permitted to charge for time spent prior to filing the case. The Plaintiff also asserts that attorney travel time is compensable and that the time requested for drafting the instant motion is reasonable. The Plaintiff did not address the qualifications of Armando Nava or Andrea Crawford.

## II. DISCUSSION

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee

3

calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

In assessing the relevance of the fee comparables provided by the applicant, the court may consider the factors enumerated in Johnson v. Georgia Highway Express Co., 488 F.2d 714, 717-19 (5th Cir. 1974): the novelty and difficulty of the issues; skill required to perform the legal service properly; preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client, and awards in similar cases. Norman, 836 F.2d at 1299-1300.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id.

### A. Hourly Rates

The Defendant argues that the rates claimed by the Plaintiff for attorneys and other professionals are excessive. Rule 7.3(a) of the Local Rules for the Southern District of Florida governs motions for attorneys' fees and responses thereto. The rule provides that when a party objects to a claimed hourly rate, "its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." As the Plaintiff points out, the Defendant has failed to comply with this provision.

The Plaintiff has provided a summary of the qualifications of the lawyers whose names appear on the billing records, with the exception of Armando Neva and Andrea Crawford. (DE 30-19) The undersigned finds that the rates requested by the Plaintiff for the named lawyers ($335.00 per hour for Mr. Weisberg and Mr. Radbil, and $175.00 per hour for Mr. Sullivan) and the paralegal ($135.00 per hour) are within the range of prevailing market rates charged in this District for similar services by lawyers and paralegals of reasonably comparable skills, experience and reputation. However, since the Plaintiff has provided no information whatsoever as to Mr. Neva or Ms. Crawford, the undersigned cannot determine their qualifications or whether they are members of the bar. Accordingly, the fee award must be reduced by $455.00, the amount billed by these two individuals.

### B. Hours Claimed

The Defendant seeks an across-the-board fee reduction of 70% based on the minimal results obtained in this case, and based on the Defendant's contentions that counsel's billing records are vague, indecipherable and contain block billing entries and that they are generally excessive and contain entries for unrecoverable work (pre-litigation activities which do not include drafting the complaint, lawyers supervising other lawyers or chatting about the case, clerical work and attorney travel time).

It is clear that this Court may reduce the lodestar amount where a party's success is limited. Hensley, 461 U.S. at 436; Norman, 836 F.2d at 1302; Popham v. City of Kennesaw, 820 F.2d 1570, 1579-80 (11th Cir. 1987). Also, in any instance where a court find that the number of hours claimed is unreasonably high, "it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008); Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).

In the instant case, the Plaintiff's results clearly were limited, with a recovery of only $1,250.00. Moreover, this was a straightforward garden-variety FDCPA case, and there was nothing complex or unusual about the issues involved. Under these circumstances, the undersigned finds that the expenditure of 36.3 hours of attorney, paralegal, administrative staff and law clerk time was excessive. However, the undersigned also notes that some of this time was necessitated by the Defendant's tardiness and repeated failure to respond to correspondence from Plaintiff's counsel.

The undersigned concludes that an across-the-board reduction of 20% of the claimed fees is warranted. Therefore, a reasonable fee award in this case is $5,324.40 ($7110.50 minus $455.00 times .80).

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Verified Motion for Attorneys' Fees and Costs (DE 30) be GRANTED IN PART, and that Plaintiff be awarded reasonable attorneys' fees in the amount of $5,324.40 and costs in the amount of $405.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th

Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of September, 2012.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record